U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

OCT 1 1 2016

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHEILA DAVID,

           Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF HEAT/FROST
INSULATORS & ALLIED WORKERS LOCAL 40
           Defendants.

Civil Action No. 1:16-CV-1227 GTS/CFH

# COMPLAINT

## I. PRELIMINARY STATEMENT

1. This is an employment related action against the Defendant labor organization for the violation of Plaintiff's guaranteed civil and statutory rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, §§ 703 and 704 and the New York State Human Rights Law.

2. The acts complained of include gender discrimination by the defendant and retaliation against the plaintiff for complaining about her gender based adverse treatment.

3. The Plaintiff seeks monetary damages, injunctive and declaratory relief for the defendant's acts against her which have resulted in extreme stress and anxiety, humiliation, embarrassment, mental anguish and damage to her reputation and health, and ultimately loss of pension benefits, salary and employment. Accordingly, Plaintiff seeks equitable and compensatory damages, back pay, front pay, reinstatement, prejudgment interest, attorney fees and costs, injunctive relief and whatever other relief is appropriate to serve the interests of justice and assure that her remedy is full and complete.

## II. JURISDICTION and VENUE

4. Jurisdiction of this Court is invoked pursuant to, and under, 29 U.S.C. § 2617, and 28 U.S.C. §§1331 and 1343(a).

5. The value of the rights in question is in excess of $100,000.00 exclusive of interest and costs.

6. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, *et seq.*, this being an action in which the Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable, and in the interests of justice, in order to provide the Plaintiff with a full and complete remedy for the violation of her rights.

7. The Plaintiff requests that the Court exercise its supplemental jurisdiction under 28 U.S.C. § 1367 over the New York State Human Rights Law claims raised in this action which is based upon the same operative facts as the federally based claims.

8. Venue is properly in this district pursuant to 28 U.S.C. 1391(b)(2) because the events or omissions giving rise to the claims alleged below were committed within this district.

## III. JURY TRIAL DEMANDED

9. Plaintiff demands a trial by jury on each and every one of her claims as set forth below.

## IV. PARTIES

10. Plaintiff Sheila David is currently 58 years of age and a resident of Greene County, New York State.

11. Plaintiff is a journeyman insulator and fully qualified to perform employment.

12. The Defendant is a labor organization engaged in an industry of commerce in which employees participate and which exists for the purpose of dealing with employers by maintaining and operating a hiring hall or hiring office which procures employees for an employer and procures employment opportunities for employees.

13. Its membership consists of 15 or more members and employees.

14. It is the certified representative of journeyman insulators under the National Labor Relations Act or although not certified it is a national labor organization recognized and acting as the representative of employees, such as plaintiff, and employers engaged in industry affecting commerce.

15. In the alternative, the defendant is a chartered labor organization and the local and subordinate body through which employees enjoy membership to obtain employment, benefits and pension.

16. The defendant is the exclusive labor organization for journeyman insulators and exclusively decides and determines who gets employed and works as a journeyman insulator.

### V. ALLEGATIONS

**A. Plaintiff's Qualifications**

17. Plaintiff is currently 57 years of age and a black female who is a member of the defendant labor organization.

18. Plaintiff is totally dependent upon this labor organization for employment, benefits and pension.

19. Plaintiff's entitlement to wages, benefits and pension benefits is dependent upon contributions made to these benefit plans by an employer based upon the number of hours that the plaintiff works.

20. Since relocating to East Durham, Greene County, New York from Atlanta Georgia plaintiff has consistently had problems obtaining employment through the defendant labor organization because of her gender.

21. Plaintiff has consistently called the labor organization for employment and has either been advised there are no jobs or there are jobs available in other states.

22. The defendant labor organization routinely provides jobs to male journey man insulators in the communities in which they live.

23. Unlike plaintiff, male journey man insulators are not expected to relocate and move to other states to obtain employment.

24. There are very few if any other female journeyman insulators in Green County, New York.

25. Plaintiff has repeatedly been treated differently than male insulators by the defendant in that male insulators will regularly receive local job opportunities and females do not.

26. Plaintiff has repeatedly complained to management that she is not receiving the same work opportunities as male employees.

27. As a result of her complaints and her gender, plaintiff received only 368 hours of work in 2015.

28. Plaintiff has received little or not work opportunities in 2016 because of her gender and her complaints about gender based discrimination.

29. As a consequence, plaintiff's ability to obtain the necessary contributions to her pension benefits so that she can retire has been adversely affected.

30. Plaintiff has been unable to support herself and is using all of her savings to survive because of defendants' adverse and retaliatory treatment of her.

31. Plaintiff began working as a journeyman insulator in 1995 in Atlanta, Georgia and regularly and routinely was provided employment there.

32. This defendant labor organization has repeatedly failed to provide employment opportunities to women such as plaintiff.

33. Defendant has engaged in selection practices of selecting persons for employment which has adversely and disparately impacted female employees such as the plaintiff.

### FIRST CAUSE OF ACTION:
### VIOLATION OF TITLE VII
### BASED UPON GENDER

34. Plaintiff reiterates and incorporates by reference paragraphs numbered 1 through 33.

34. The actions and conduct and policies and practices of the Defendant violates Title VII of the Civil Rights Act of 1964 § 701 et seq., 42 U.S.C.A. § 2000e et seq. because defendant has failed to treat the plaintiff the same as male employees in the terms and conditions of employment and has used selection practices which adversely impact female employees such as the plaintiff.

### SECOND CAUSE OF ACTION:
### VIOLATION OF TITLE VII
### RETALIATION

35. Plaintiff reiterates and incorporates by reference paragraphs numbered 1 through 360.

36. The actions and conduct and policies and practices of the Defendant employer violates Title VII of the Civil Rights Act of 1964 § 701 et seq., 42 U.S.C.A. § 2000e et seq. because the defendant retaliated against the Plaintiff by subverting her ability to obtain employment.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK STATE CITY HUMAN RIGHTS LAW BASED UPON GENDER

37. Plaintiff reiterates and incorporates by reference paragraphs numbered 1 through 33.

38. The actions and conduct and policies and practices of the Defendant violates New York State Executive Law because defendant has failed to treat the plaintiff the same as male

employees in the terms and conditions of employment and has used selection practices which adversely impact female employees such as the plaintiff.

### FOURTH CAUSE OF ACTION:
### VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
### RETALIATION

35. Plaintiff reiterates and incorporates by reference paragraphs numbered 1 through 360.

36. The actions and conduct and policies and practices of the Defendant employer violates New York State Human Rights Law because the defendant retaliated against the Plaintiff by subverting her ability to obtain employment.

### INJUNCTIVE RELIEF

37. Plaintiff reiterates and incorporates by reference paragraphs numbered 1 through 36.

38. Defendant should be enjoined from using selection processes and practices which adversely affect female employees.

### PUNITIVE DAMAGES

39. Plaintiff reiterates and incorporates by reference paragraphs numbered 1 through 38.

40. Defendant employer had knowledge of the harm that could be caused their conduct.

41. The behavior of Defendant was with actual malice; was recklessly indifferent; conscious, deliberate, intentional, with full knowledge of their impropriety and of the harm to Plaintiff.

42. An award of punitive damages is warranted to punish the Defendant for their conduct in this action and deter the Defendant from like conduct in the future.

43. Punishment of this conduct in the interest of society and the advancement of the broad and remedial purposes of the discrimination statutes that such conduct should be discouraged and punished.

44. Plaintiff is entitled to recover punitive damages for the Defendant's conduct.

## COMPENSATORY DAMAGES

45. Plaintiff reiterates and incorporates by reference paragraphs numbered 1 through 44.

46. Plaintiff is entitled to recover compensatory damages for the Defendant's conduct including back pay, front pay, prejudgment interest, attorney fees and costs, loss of future earnings, pension benefits, retirement accrual, damages for emotional harm and injury.

## SPECIAL DAMAGES

47. Plaintiff reiterates and incorporates by reference paragraphs numbered 1 through 46.

48. Plaintiff is entitled to recover special damages for the Defendant's conduct including pension benefits, rights and entitlements, back pay, front pay, prejudgment interest, attorney fees and costs, and emotional damages.

## CONDITION PRECEDENT

49. As a condition precedent to this action, plaintiff filed a charge with the United States Office of Equal Employment Opportunity and received a right to sue letter dated June 20, 2016.

50. Plaintiff has commenced this action within 90 days.

**WHEREFORE** and in light of the foregoing, it is respectfully requested that the Commission assume jurisdiction and:

[a] Award appropriate compensatory and punitive damages in an amount to be determined at the time of trial;

[b] Award injunctive relief and such other and further relief as the Court deems appropriate and just;

[c] Award reasonable attorney's fees and costs

Dated: August 18, 2016
New York, New York

                                        SHEILA DAVID
                                        2114 Route 145
                                        East Durham, NY 12423

*Sheila David* (signature)

EEOC Form 161 (11/09)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Sheila A. David<br>2114 Route 145<br>East Durham, NY 12423 | From: Buffalo Local Office<br>6 Fountain Plaza<br>Suite 350<br>Buffalo, NY 14202 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2016-00345 | **Nelida Sanchez,** Investigator | (716) 551-3378 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John E. Thompson,*
Local Office Director

JUL 2 0 2016
*(Date Mailed)*

Enclosures(s)

cc: Jeff Guynup
Business Manager
INTERNATIONAL ASSOCIATION OF HEAT & FROST
INSULATORS & ALLIE
890 Third Street
Albany, NY 12206

Robert S. Catapano-friedman
LAW OFFICES ROBERT S CATAPANO-FRIEDMAN
11 N Pearl Street, Suite 1609, Box 45
Albany, NY 12207